IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HUY N HA,

    Petitioner,

v.                                             CASE NO. 3:15-cv-42-LC-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 1, Petitioner's *pro se* Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereafter "Petition"). The Petition stems from Petitioner's 2011 *nolo contendere* plea to attempted first degree murder with a firearm, for which he is serving a life sentence. Respondent filed a response and an appendix with relevant portions of the state-court record. ECF No. 16. Petitioner filed a reply. ECF No. 20. Upon due consideration of the Petition, the Response, the Reply, and the state-court record, the undersigned recommends that the Petition be denied.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

## I. State-Court Proceedings

The state-court proceedings are summarized in the Response, and Petitioner concedes that the Respondent's summary of the facts underlying the case is accurate. ECF No. 20.

Petitioner's 2011 plea followed an earlier plea that resulted in a remand on appeal. ECF No. 16, Exh. A at 372-73. Petitioner did not directly appeal the 2011 plea at issue in this case, but filed a motion for postconviction relief and amended motion in 2012. Following an evidentiary hearing, the motion was denied. *Id*. at 372-454. The First DCA affirmed *per curiam*. *Id*. Exh. G.

The instant petition raises two claims: (1) counsel was ineffective for failing to assure that Petitioner understood the terms and consequences of his plea, and the state courts erroneously denied postconviction relief; and (2) counsel was ineffective for failing to inform Petitioner that the defense of insanity was available to him, and the state courts erroneously denied postconviction relief. ECF No. 1.

## II. Standard of Review

The AEDPA imposes limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state

prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, ___ U.S. ___, 2013 WL 5904117, *4 (2013)(quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of

our federal system: State courts are adequate forums for the vindication of federal rights." *Id*.   This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"   *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011).  "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786).  "We will not lightly conclude that a State's criminal justice system

*Page 5 of 16*

has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

By entering a voluntary plea, a defendant waives several rights, including the right to a jury trial, to the assistance of counsel at trial, to raise a defense, and to confront his accusers. *Boykin v. Alabama*, 395 U.S. 563, 573 (1989). Further, a voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea, including claims of ineffective-assistance that do not attack the voluntariness of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

In the guilty plea context, to show prejudice under *Strickland* Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas." *Id*. at 58. The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the

'idiosyncracies of the particular decisionmaker.'" *Id.* at 60 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)).

## III.  Discussion

### A.  Ineffective Assistance For Allowing Involuntary Plea

Petitioner alleges that his counsel was aware that he had well-documented mental health problem, had a low level of intelligence, and had questionable judgment capabilities.  ECF No. 1 at 6.  Plaintiff alleges that counsel should have moved for a hearing to determine whether he understood the plea, with a Vietnamese interpreter present at such hearing.  He claims that counsel gave Petitioner the impression that his sentence would be for 25 years, rather than the same life sentence he received following his first plea.  *Id*. at 6-7.

Petitioner did not receive an evidentiary hearing on this claim in state court because the court determined that his claims were insufficient.  In rejecting this claim on postconviction review, the state court noted that Petitioner did not specifically claim in his postconviction motion that he was, in fact, incompetent to enter a plea.  The court further found that Petitioner's allegations were insufficient to show that his counsel should have questioned his competence to proceed.  The state court cited

*Thompson v. State*, 88 So. 3d 312 (Fla. 4th DCA 2012) as support. *Id*. *Thompson* held that to satisfy the deficiency prong of *Strickland* on counsel's handling of a competency issue, the petitioner "must allege specific facts showing that a reasonably competent attorney would have questioned competence to proceed." *Thompson*, 88 So. 3d 312, 319-20 (citing *Dusky v. United States*, 362 U.S. 402 (1960)). This standard is codified in Fla. R. Crim. P. 3.211. *Id*. Further, in order to establish prejudice, a petitioner must "set forth clear and convincing circumstances that create a real, substantial, and legitimate doubt," as to his competency. *Id*.

During his earlier plea proceedings in 2009, Petitioner had been examined by three experts and had been adjudicated competent to proceed. The court found that Petitioner failed to allege sufficient facts to show that counsel was ineffective for failing to seek another competency evaluation. The court further found that Petitioner failed to allege sufficient facts to show a real, substantial, and legitimate doubt as to his competency at the time of his plea. ECF No. 16-2 at 266 to 16-3 at 242.

Petitioner's claims in his federal habeas petition suffer from the same defects. Petitioner's argument that counsel should have investigated his

competency during the 2011 plea proceeding, or otherwise knew that Petitioner was unable to understand the plea proceeding, are wholly conclusional. Such conclusional allegations, as the state court found, are insufficient to support a claim for habeas corpus relief.

The state court appended the relevant portions of the plea proceedings to the order denying postconviction relief, including the 2009 stipulated order of competency and the transcript of the plea colloquy. ECF No. 16-3 at 11-16, 17-26. The services of a Vietnamese interpreter were utilized via telephone during the plea hearing. *Id*. at 17. The court confirmed with counsel that Petitioner faced a mandatory minimum 25-year sentence and up to life imprisonment, and that the court had the discretion to sentence Petitioner within that range. Counsel affirmed that he had explained the sentencing exposure to Petitioner. *Id*. at 19.

Petitioner affirmed, under oath, that he understood he faced a sentence of 25 years to life. *Id*. at 22. Petitioner testified that he could read English, and that he had read the plea agreement and understood the rights explained in it. *Id*. The court explained each of the rights that Petitioner was waiving by entering a guilty plea, including his right to a trial, to confront the state's witnesses, to not be compelled to testify, to present

evidence, and the right to appeal. *Id*. at 23-24. Petitioner denied that he had been coerced to enter a plea or that anything had been promised to him, and affirmed that his plea was of his own free will. Petitioner denied that he was under the influence of any drug or alcohol. *Id*. at 24-25. Based on this colloquy, the Court found that Petitioner's plea was freely, voluntary, and knowingly entered, and that there was a factual basis for the plea as stated in the plea agreement. *Id*. at 25.

Even if Petitioner's counsel somehow erred regarding Petitioner's understanding of the plea—and Petitioner has not established such error—Petitioner can claim no prejudice because the trial court ensured that his plea was voluntary and knowing. Petitioner points to no evidence in the record from which this Court could conclude that his plea was anything but freely, knowingly, and voluntarily entered. In fact, on this record the validity of the plea is not open to challenge. The trial court made specific factual findings that the plea was freely, knowingly, and voluntarily entered and that there was a factual basis to support the plea. The state court's findings as to the validity of plea must be presumed to be correct, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C § 2254(e)(1).

Petitioner has likewise made no showing, apart from his conclusional

and self-serving assertions, in this court that counsel had any basis to question his competency or that there is any legitimate doubt that he was competent to enter a plea.  The record of the plea colloquy reflects no basis to question Petitioner's competency.  On this record, Petitioner has failed to show that the State court's rejection of this ineffective-assistance claim was so lacking in justification that there was an error beyond any possibility for fairminded disagreement.  *Burt*, ___ U.S. ___,  2013 WL 5904117, *4.

### B.  *Failure to Inform Petitioner of Insanity Defense*

Petitioner argues that his trial counsel was ineffective for failing to inform him prior to his plea that the defense of insanity would have been available to him had he gone to trial, and that counsel was ineffective for failing to investigate an insanity defense.  ECF No. 1 at 9-12.

The state court afforded Petitioner an evidentiary hearing with respect to this claim, at which Petitioner was represented by counsel, and following which the court rejected the claim.  ECF No. 16-3 at 3-5.  The court noted that during Petitioner's first sentencing in 2009, an expert who examined Petitioner testified that his mental health issues interfered with his capacity to conform his conduct to the requirements of the law and that the shooting of the victim resulted from a combination of factors, including

Petitioner's psychiatric condition, his anger toward the victim, and substance abuse. The expert's report found Petitioner competent to proceed. At that time, Petitioner told the trial court that he fully accepted responsibility for his actions. ECF No. 16-3 at 3-4.

At the evidentiary hearing, Petitioner's trial counsel, Randall Etheridge, testified that he reviewed Petitioner's psychological reports, reviewed the facts of the case, spoke with Petitioner, and determined that an insanity defense was not viable. Following the shooting, Petitioner threw the gun away and initially gave false statements to the police, indicating to counsel that Petitioner knew the difference between right and wrong. Etheridge also relied on the expert reports, particularly with respect to Petitioner's drug use, and concluded that Petitioner's actions did not reflect insanity. Petitioner had confessed to the shooting, and in counsel's view of the evidence and expert reports, Petitioner acted out of anger and jealousy. He had no long-standing history of mental illness prior to his arrest for the shooting. Based on the evidence, counsel concluded that an insanity defense could not be supported and there was no need to obtain additional mental health evaluations. Further, Etheridge testified that Petitioner wished to avoid a trial for the sake of the victim. R. 16-3 at 107-14.

Petitioner testified that he was not in his right frame of mind during the shooting, did not know what was going on, and his mind went blank. Petitioner conceded on cross-examination that he wrote a letter to the victim, but testified when presented with the letter that he could not remember stating that he deserved the sentence and could not forgive himself for acting out of anger and jealousy. Petitioner did not testify that he informed counsel of these facts. R. 16-3 at 139-57.

Based on the record and the evidence adduced at the evidentiary hearing, the state court concluded that Petitioner had failed to establish that he would have had a viable insanity defense, and therefore had failed to establish that counsel performed deficiently in failing to investigate an insanity defense.[2] The court found that Petitioner's testimony regarding his state of mind conflicted with the record, which showed that he had admitted the shooting and had discussed it with the expert during his competency evaluation. The court concluded that in light of the lack of a viable insanity defense, as well as evidence that Petitioner was informed by prior counsel of the results of his insanity evaluation in the first

---

[2] As the court explained, under state law a viable insanity defense would require Petitioner to establish that he had a mental infirmity, disease, or defect and because of this condition, either did not know what he was doing or its consequences or did not know what he was doing was wrong. ECF No. 16-3 at 2-3 (citing *Cotto v. State*, 89 So. 3d 1025, 1029 (Fla. 3d DCA 2012)).

proceeding and that Petitioner wished to avoid a trial for the sake of the victim, Petitioner also failed to demonstrate that he was prejudiced by counsel's failure to investigate an insanity defense.  R. 16-3 at 5.

Petitioner argues that his counsel should have been aware of facts that would have supported an insanity defense.  Petitioner recounts the facts of the crime, during which he shot the victim multiple times as she sat in his car on the side of the interstate, then continued to shoot her as she exited the car and tried to crawl away, stopping only when his gun jammed.  Petitioner started to leave the scene, then returned and put the victim in the car and sought help.  Petitioner argues that his counsel was aware of the expert's testimony in his first sentencing that Petitioner's mental state interfered with his ability to confirm his conduct to the requirements of law.  Petitioner contends that his "unusual" behavior during the crime, the expert's suggestion that he was insane at the time of the event, and counsel's failure to investigate what would have been a plausible defense, support his claim that counsel was deficient.  He contends that had he known of the availability of a plausible defense, he wold not have pleaded guilty.  R. 1 at 9-10.

The state court thoroughly considered all of Plaintiff's arguments and the evidence adduced at the evidentiary hearing.  The state court found

that the evidence did not show that Petitioner would have had a viable insanity defense under state law. The state court's factual findings must be presumed to be correct, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C § 2254(e)(1). Petitioner points to no "clear and convincing" evidence sufficient to rebut the state court's findings that the facts of the case did not support an insanity defense, and therefore that counsel did not perform deficiently by failing to pursue such a defense. On this record, Petitioner has failed to show that the State court's rejection of this ineffective-assistance claim was so lacking in justification that there was an error beyond any possibility for fairminded disagreement. *Burt,* ___ U.S. ___, 2013 WL 5904117, *4.

For the foregoing reasons, the Petition should be denied.

## IV. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court

issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1) should be **DENIED** and a certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 22nd day of November 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Page 16 of 16*

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.